NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 1, 2022
Decided June 6, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-3048

CARL JOSEPH MCDANIEL,
    *Plaintiff-Appellant*,

    *v.*

WISCONSIN DEPARTMENT OF CORRECTIONS,
    *Defendant-Appellee*.

Appeal from the United States
District Court for the Eastern
District of Wisconsin.

No. 20-cv-1919-BHL

Brett H. Ludwig,
*Judge*.

## O R D E R

Carl McDaniel contends that the Americans with Disabilities Act and the Rehabilitation Act require his prison to provide him with a wheelchair, a single-person cell containing a toilet, and a bed without an upper bunk. He asked for a preliminary injunction that would require these things. The judge found that McDaniel already has a wheelchair (or at least a seated walker that serves an equivalent function). The judge denied relief on the other subjects as well. 2021 U.S. Dist. LEXIS 190629 (E.D. Wis. Oct. 4, 2021).

McDaniel has a medical condition that produces incontinence. He needs to use a toilet on short notice and contends that this is not possible if a cellmate is competing for access. He also submits that, if he wakes up with an urgent need, he sometimes hits his head on the upper bunk and suffers additional injury. At least one physician has

recommended that he have the ability to engage in "timed voiding," which may be hard to accomplish with a cellmate. The prison has provided McDaniel with adult diapers, which offer some assistance, but he contends that they cause rashes and other problems.

About McDaniel's incontinence the district court had little to say. The judge wrote that his "medical care provider concluded that McDaniel's incontinence-related disability did not meet the requirements for these additional accommodations" (2021 U.S. Dist. LEXIS 190629 at *4) but did not discuss why the (unnamed) provider had come to this conclusion—or explain why a medical provider, rather than a judge, determines which accommodations the two federal statutes require. The judge also wrote that "McDaniel never had an order for any of the other accommodations he claims" (2021 U.S. Dist. LEXIS 190629 at *5). Again the judge did not explain why an "order" from someone at the prison is essential to relief under the federal statutes.

The federal court, not the prison, determines how federal statutes apply to a prisoner's medical conditions. The judge needs to determine just what those conditions are and then apply the statutory standards. In making those findings, the judge should consider all of McDaniel's evidence. For example, Dr. Murphy at the Wisconsin Institute of Urology, to which McDaniel was referred for evaluation, wrote that he "needs" timed voiding and free access to a toilet. Dr. Murphy made a "[r]equest" for a single cell "if possible" to "meet these needs." The district court did not mention this evidence. The statement about "needs" may be in tension with the phrase "if possible," but the medical assessment is not so transparently irrelevant that a court may ignore it.

Although we cannot affirm the district court's denial of a preliminary injunction, neither are we confident that McDaniel is entitled to relief. The medical evidence is in conflict (the prison's internal staff evidently disagrees with Dr. Murphy) and requires evaluation. We remand to the district court so that this may be accomplished.

The parties tell us that motions for summary judgment, and a permanent injunction, have been under advisement, following full briefing, since February, and that the record now assembled has more evidence than was submitted at the preliminary-injunction stage. The district judge's priority on remand should be to decide the matters under advisement, which may obviate the need for a further ruling on the motion for a preliminary injunction. At oral argument of the appeal, counsel expressed uncertainty about which evidence is in this case's record and which is in the record of a different case, *McDaniel v. Syed*, 2020 U.S. Dist. LEXIS 239068 (E.D. Wis. Dec. 18, 2020), appeal pending, No. 20-2946 (argued Jan. 13, 2022), that concerns McDaniel's accommodations at a different prison. Each of these suits must be decided on its own record.

The decision is vacated, and the case is remanded for further proceedings consistent with this order.